**Dennis L. McKEE, Appellant,**

v.

**Crispus C. NIX, Appellee.**

No. 92–2717.

United States Court of Appeals,
Eighth Circuit.

Submitted March 19, 1993.

Decided June 14, 1993.

Joseph G. Bertogli, Des Moines, Iowa, argued, for appellant.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, argued, for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and STOHR,* District Judge.

WOLLMAN, Circuit Judge.

Dennis McKee, serving a life sentence without parole for sexual abuse in the first degree, appeals from the district court's[1] denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We affirm.

## I.

The facts giving rise to McKee's conviction are fully set forth in an opinion of the Iowa Supreme Court, which affirmed McKee's conviction on direct appeal. *See State v. McKee*, 312 N.W.2d 907 (Iowa 1981). Suffice it to say that the sexual abuse inflicted great pain and resulted in severe trauma to the victim.

McKee raised six grounds for relief in his federal habeas petition and requested an evidentiary hearing to develop his claim concerning ineffective assistance of trial counsel. The district court denied McKee's ineffective assistance of trial counsel claim without conducting an evidentiary hearing on the ground that McKee had procedurally defaulted that claim by failing to adequately raise it before the state court or to show cause and prejudice, as required by *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). The district court rejected McKee's remaining claims on their merits.

On appeal, McKee raises the following contentions: (1) the district court erred in refusing to grant him an evidentiary hearing on the issue of the ineffective assistance of his trial and appellate counsel; (2) he was denied effective assistance of counsel at trial and on appeal; (3) the trial court violated McKee's due process rights by submitting a written supplemental instruction to the jury outside the presence of McKee or his counsel; (4) the evidence was insufficient to submit the charge of first-degree sexual abuse to the jury; (5) the trial court violated McKee's due process rights by permitting a police officer

to testify that McKee was a suspect in another crime; and (6) the trial court erred in admitting McKee's inculpatory statements, allegedly obtained in violation of his Fifth Amendment *Miranda* rights and his Sixth Amendment right to counsel.

We decline to address McKee's contention that he received ineffective assistance of trial counsel because McKee did not properly raise this claim in state court. In Iowa, a defendant must raise the issue of ineffective assistance of trial counsel on direct appeal in order to preserve it for review. *State v. White*, 337 N.W.2d 517, 520 (Iowa 1983). If the defendant fails to raise the issue on direct appeal, he must show "sufficient reason" (cause) to obtain review in a post-conviction action. *Id.;* Iowa Code § 822.8. The district court noted that ineffectiveness of appellate counsel may excuse a defendant's failure to raise an issue on direct appeal and may provide the requisite cause. *See* D.Ct.Order of June 25, 1992, at 5. The district court observed, however, that McKee had provided no facts to support a claim for ineffective assistance of appellate counsel. *Id.* McKee thus has shown no cause for failing to raise the issue on appeal in state court, and he may not raise it for the first time in his habeas corpus action. *See Ellis v. Lockhart*, 875 F.2d 200, 201–02 (8th Cir. 1989). McKee's argument that the ineffective assistance of his post-conviction counsel may provide cause is foreclosed by the Supreme Court's opinion in *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991).

Likewise, we agree with the district court that McKee has provided no facts to support his claim of ineffective assistance of appellate counsel.

McKee contends that he was entitled to an evidentiary hearing to further develop his ineffective assistance claim. A petitioner who has failed to develop evidence in state court must show cause and prejudice for that failure in order to merit an evidentia-

---

* The HONORABLE DONALD J. STOHR, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

ry hearing in federal court. *Keeney v. Tamayo–Reyes*, — U.S. —, —, 112 S.Ct. 1715, 1719, 118 L.Ed.2d 318 (1992). McKee claims that the purported ineffectiveness of his post-conviction counsel amounts to cause. As we have noted, McKee's argument is foreclosed by *Coleman*, — U.S. at —, 111 S.Ct. at 2568. Accordingly, the district court properly denied McKee's request for an evidentiary hearing.

■ McKee next argues that the trial court violated his due process rights by submitting a supplemental written instruction to the jury outside the presence of McKee or his counsel. During deliberations, the jury asked the court for additional instructions on the definition of "protracted injury." The court answered:

A dictionary definition of the word "protract" is to prolong in time or space. The word "extend" is listed as a synonym.

A dictionary definition of prolong is to lengthen in time. Extend is given as a synonym for it.

McKee contends that Iowa Rule of Criminal Procedure 18.7(g) (1980) (now found at Rule 18.5(g)), required the court to give additional instructions in the presence of the defendant and his attorney, unless the defendant had waived this procedure. McKee argues that under Iowa law, reversal is required for a violation of this rule unless the error is harmless. On appeal, the Iowa Supreme Court found that "any error in giving the instruction in his absence was harmless beyond a reasonable doubt." *McKee*, 312 N.W.2d at 915. The Iowa Supreme Court reasoned that the definition of "protracted" set forth in the supplemental instruction was substantially the same as the instruction subsequently approved in *Welton v. Nix*, 300 N.W.2d 157, 160 (Iowa 1981). Moreover, the Iowa Supreme Court noted that the supplemental definition was also similar to "the definition of 'protracted loss or impairment' given in the court's original instructions, to which defendant did not object." *Id.*

"[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, — U.S. —, —, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990)). *See also e.g., Isom v. Lockhart*, 847 F.2d 484, 486 (8th Cir.1988); *Berrisford v. Wood*, 826 F.2d 747, 753 (8th Cir.1987), *cert. denied*, 484 U.S. 1016, 108 S.Ct. 722, 98 L.Ed.2d 671 (1988). Because the Iowa Supreme Court found that any error was harmless beyond a reasonable doubt, and because McKee has not produced any facts to support an inference that his due process rights were violated by the alleged error, the district court properly rejected this claim.

■ Next, McKee contends that the evidence was insufficient to submit the charge of first-degree sexual abuse to the jury.

"Under [Iowa Code] section 709.2 [ (1980),] a person commits first-degree sexual abuse 'when in the course of committing sexual abuse the person causes another serious injury.' " *McKee*, 312 N.W.2d at 912. "Serious injury" has a technical meaning and is defined in Iowa Code § 702.18 (1980) as "disabling mental illness, or bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* McKee contends that the state did not prove that a "serious injury" occurred, as required by Iowa Code § 709.2 (1980). The Iowa Supreme Court denied McKee's sufficiency claim, holding (1) that the impairment of the victim's menstrual function would be an impairment of the function of an organ; and (2) that the jury could reasonably have found that the victim's menstrual cramping and irregularity that persisted for five months was "protracted." *McKee*, 312 N.W.2d at 913.

■ We have noted that "[s]o far as state law is concerned, the courts of Iowa may give to the terms 'member,' 'organ,' and 'protracted' whatever meaning they wish." *Welton v. Nix*, 719 F.2d 969, 970 (8th Cir.1983). "Our task is only to decide whether the Iowa courts' interpretation of their own law is so unexpected, so outlandish, that no reasonable person could have expected it." *Id.* The critical inquiry on habeas review of the sufficiency of the evidence to support a state criminal conviction is "whether, after viewing

the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). We find that the Iowa Supreme Court's interpretation of the statute was reasonable and that the evidence was sufficient to support the verdict under *Jackson*. Accordingly, the district court properly rejected this claim.

■ McKee next argues that the trial court violated his due process rights by permitting a police officer to testify that McKee was currently a suspect in another crime. McKee claimed in state court that the admission of the police officer's testimony in rebuttal violated both a motion in limine and the Iowa Rules of Evidence. *See McKee* 312 N.W.2d at 911. Significantly, McKee did not claim in state court that the alleged error affected his due process rights, and his failure to do so precludes our review of his constitutional claim here. *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir.1988). This constitutional claim cannot now be raised in state court because of the running of the Iowa statute of limitations on post-conviction actions. *See* Iowa Code § 822.3 (noting that an application "must be filed within three years from the date the conviction ... is final....") We enforce this bar to review. McKee has failed to show cause and prejudice, as required by *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Accordingly, we decline to review this claim because of the procedural default. *See Coleman v. Thompson*, — U.S. —, —–—, 111 S.Ct. 2546, 2565–2566, 115 L.Ed.2d 640 (1991).

■ Last, McKee contends that the trial court erred in admitting his inculpatory statements, which McKee argues were obtained in violation of his Fifth Amendment *Miranda* rights and his Sixth Amendment right to counsel.

On January 2, 1980, about six weeks after the sexual abuse incident, officers interrogated McKee concerning his involvement in a murder case. Subsequent to this initial interrogation, officers discovered evidence linking McKee to the sexual abuse offense. At the beginning of his second interview, McKee signed a written waiver of his *Miranda* rights. McKee does not claim that either he or the officers made any representation that the subject matter of the interview would be limited to the murder.

Sometime during the second interview, the officers shifted the focus of their interrogation from the murder to McKee's possible involvement in the sexual abuse offense. McKee made incriminating oral admissions, which the officers repeated at trial. McKee claims that he asked for counsel as soon as the officers began interviewing him concerning the sexual abuse charge. The officers denied this, testifying that McKee never asked for counsel.

McKee first argues that the officers obtained his inculpatory statements in violation of his Fifth Amendment *Miranda* rights by questioning him concerning a different crime. We disagree. McKee's argument is foreclosed by the Supreme Court's opinion in *Colorado v. Spring*, 479 U.S. 564, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987). In *Spring*, the Court held that "a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege." *Id.* at 577, 107 S.Ct. at 859. The Court held that Spring's waiver was voluntary absent evidence that his will was " 'overborne and his capacity for self-determination critically impaired' because of coercive police conduct." *Id.* at 574, 107 S.Ct. at 857–58 (quoting *Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961)). The Court further held that a suspect's waiver is knowingly and intelligently made if the suspect "understood that he had the right to remain silent and that anything he said could be used as evidence against him." *Id.*

■ The trial court found, and the Iowa Supreme Court agreed, that McKee had made a voluntary and intelligent waiver of his *Miranda* rights and had in fact made the statements to which police officers testified. Under 28 U.S.C. § 2254(d), these findings

are presumed correct. *See Sumner v. Mata,* 449 U.S. 539, 550, 101 S.Ct. 764, 770–71, 66 L.Ed.2d 722 (1981). Because officers may, under *Spring,* change the subject of a suspect's interview without affecting the validity of his waiver, the district court correctly rejected this claim.

■ Last, McKee argues that the trial court should have suppressed the inculpatory statements because the interviewing officers obtained the statements by violating his Sixth Amendment right to counsel. The officers denied that McKee requested counsel at any time during the interview. The Iowa Supreme Court observed that "[t]his contention presents the familiar problem of determining whether to accept the officers' version of the circumstances or the defendant's version." The Iowa Supreme Court, reviewing the trial court's determination de novo, found that McKee had made a valid waiver of his *Miranda* rights and that the statements were admissible. The Iowa Supreme Court thus credited the police officers' testimony that McKee had not asked for counsel and concluded that there had been no violation of McKee's right to counsel. Under 28 U.S.C. § 2254, these findings are presumed correct. *See Sumner,* 449 U.S. at 550, 101 S.Ct. at 770–71. Accordingly, we reject McKee's argument that the police obtained the inculpatory statements in violation of his right to counsel.

We have considered McKee's remaining arguments, and we find that they are without merit.

The denial of habeas corpus relief is affirmed.