# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2762

———————————————

United States of America

*Plaintiff - Appellee*

v.

Antwain Deshaun Spratt, also known as T

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

——————————

Submitted: May 17, 2018
Filed: August 23, 2018
[Unpublished]

——————————

Before WOLLMAN, BENTON, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Antwain Deshaun Spratt pleaded guilty to one count of distributing heroin within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a). He pleaded *nolo contendere* to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The

district court[1] determined that Spratt qualified as a career offender, which enhanced his advisory sentencing range under the U.S. Sentencing Guidelines (Guidelines or U.S.S.G.). The district court sentenced Spratt to 240 months' imprisonment on the heroin-distribution count and 120 months' imprisonment on the firearm-possession count, to be served consecutively. Spratt appeals his sentence, arguing that the district court erred in applying the career offender enhancement. We affirm.

To qualify as a career offender under Guidelines § 4B1.1(a), a defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. As relevant here, the term "crime of violence" is defined as any state or federal offense that is punishable by more than one year of imprisonment and that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). "[P]hysical force under the guidelines refers specifically to 'violent force,' meaning 'force capable of causing physical pain or injury to another person.'" United States v. Rice, 813 F.3d 704, 706 (8th Cir. 2016) (quoting United States v. Williams, 690 F.3d 1056, 1067 (8th Cir. 2012) (emphasis omitted)). We review "*de novo* a district court's determination that a conviction is a crime of violence under the sentencing guidelines." United States v. Maid, 772 F.3d 1118, 1120 (8th Cir. 2014).

Spratt claims that the district court erred by classifying him as a career offender. He concedes that he has one prior felony conviction for a controlled substance offense, but he argues that his conviction for willful injury in violation of Iowa Code § 708.4(2) does not constitute a crime of violence because it does not have as an element the use, attempted use, or threatened use of physical force. We disagree.

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

A person commits willful injury in violation of Iowa Code § 708.4 if he "does an act which is not justified and which is intended to cause serious injury to another." The parties agree that the statute is divisible and that Spratt was convicted under subsection (2), which classifies the offense as a class "D" felony "if the person causes bodily injury to another." The Iowa Supreme Court has defined "bodily injury" as "physical pain, illness or any impairment of physical condition." State v. McKee, 312 N.W.2d 907, 913 (Iowa 1981) (adopting Model Penal Code § 210.0(2)).

In United States v. Rice, we determined that an Arkansas offense involving "intentionally or knowingly, without legal justification, caus[ing] physical injury" constituted a crime of violence. 813 F.3d at 705-06. We concluded that because the defendant had been convicted of "intentionally or knowingly . . . caus[ing] physical injury" to another person, "[h]is offense of conviction therefore include[d] the use of physical force as an element." Id. at 706. We reasoned that the offense involved the "use of violent force as an element 'since it is impossible to cause bodily injury without using force "capable of" producing that result.'" Id. (quoting United States v. Castleman, 134 S. Ct. 1405, 1416-17 (2014) (Scalia, J., concurring)). Similarly, in United States v. Scott we held that a Missouri offense involving "[a]ttempt[ing] to cause or knowingly caus[ing] physical injury to [a] family or household member by any means" constituted a crime of violence. 818 F.3d 424, 435 (8th Cir. 2016). Missouri had defined "physical injury" to mean "physical pain, illness, or any impairment of physical condition," which we found "not meaningfully distinguishable" from the Arkansas definition that we had considered in Rice. Id. In light of Rice and Scott, we conclude that the offense of willful injury under Iowa Code § 708.4(2) constitutes a crime of violence because it requires a showing of "bodily injury"—i.e. physical pain, illness, or an impairment of the physical condition—and thus has as an element the use of physical force. The district court thus did not err in classifying Spratt as a career offender under Guidelines § 4B1.1.

We also reject Spratt's contention that "a person can be convicted of willful injury by committing no act at all, so long as the requisite intent to cause serious injury exists." Appellant's Br. 18. Although the term "act" includes "a failure to do any act which the law requires one to perform," Iowa Code § 702.2, a defendant cannot commit willful injury in violation of Iowa Code § 708.4(2) without causing bodily injury to another person, which, as set forth above, satisfies Guidelines § 4B1.2(a)(1)'s use of force clause. See United States v. Peeples, 879 F.3d 282, 286-87 (8th Cir. 2018) (rejecting the contention that Iowa's attempted murder statute failed to qualify as a crime of violence, even though the statute prohibited "any act by which the person expects to set in motion a force or chain of events" and therefore covered omissions).

The sentence is affirmed.

_____