## IN THE COURT OF APPEALS OF IOWA

No. 17-1445
Filed April 3, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MACKINZIE STANDLEE-CAMPBELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

Mackinzie Standlee-Campbell appeals her conviction for domestic abuse assault causing bodily injury. **AFFIRMED.**

Karmen Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Doyle, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Mackinzie Standlee-Campbell appeals her conviction for domestic abuse assault causing bodily injury. *See* Iowa Code § 708.2A(1), (2)(b) (2016). She asserts the district court violated her constitutional right to present a defense when it excluded evidence of the victim's prior bad acts and her conviction is not supported by sufficient evidence.

Matthew Trullinger testified that, on the night of October 26, 2016, he left work and went to a home in Carlisle. He lived in the home with Standlee-Campbell, their eleven-month-old child, four of her other minor children, and—when with him under his decree—his child from another relationship. She was not in the home when he arrived. He sent her a text message saying he planned to take their child and sleep at his parents' home for the night. When she returned home, he was holding their child and preparing to leave. He opened the front door for her to enter, and she "hit [him] and then grabbed [him] by the neck and pushed [him] down." Police responded and took photographs that night showing scratches and red marks on his upper body. She was charged with and convicted by jury trial of domestic abuse assault causing bodily injury. The court sentenced her to a term of incarceration not to exceed one year, with all but two days suspended, plus fines and surcharges.

## I. Right to Present a Defense

Standlee-Campbell did not raise her constitutional right to present a defense before the district court. Therefore, she has not preserved this issue for our review. *See State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the

first time on appeal."). In her reply brief, she argues for the first time her trial counsel was ineffective for failing to raise her constitutional right to present a defense. "[W]e will not consider issues raised for the first time in a reply brief." *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009).

Even if we were to consider her constitutional claim under the ineffective-assistance framework, we would reject it. We review ineffective-assistance-of-counsel claims de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The right to present a defense is subject to "evidentiary rules that are designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *State v. Losee*, 354 N.W.2d 239, 242 (Iowa 1984). Evidence of prior acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but it may be admissible for other purposes. Iowa R. Evid. 5.404(b). To be admissible, the prior bad acts evidence must be "relevant to a legitimate, disputed factual issue," there "must be clear proof the individual against whom the evidence is offered committed the bad act," and the evidence's probative value must substantially outweigh "the danger of unfair prejudice." *State v. Putman*, 848 N.W.2d 1, 9 (Iowa 2014) (citations omitted). "We review evidentiary rulings regarding the admission of prior bad acts for abuse of discretion." *Id.* at 7.

Standlee-Campbell sought to admit evidence the Iowa Department of Human Services (DHS) issued a founded child-abuse report against Trullinger.

She argues this evidence would show her state of mind in support of her justification defense. The record before us is limited.[1] However, the record is sufficient for us to conclude she cannot show the probative value of the report substantially outweighs "the danger of unfair prejudice." *See id.* Our supreme court has cautioned against admitting evidence of a founded abuse report:

> We see no probative value to the DHS determination the abuse report against [the defendant] was founded. Whether or not the abuse report was deemed founded is irrelevant to any issue for the jury to decide. Additionally, we see a real danger the jury will be unfairly influenced by that agency finding, which gives the "imprimatur" of a purportedly unbiased state agency on a conclusion that [the defendant] was guilty of child abuse.

*State v. Huston*, 825 N.W.2d 531, 537–38 (Iowa 2013). Where, as here, the report is offered against a person other than the defendant, the probative value is even less as it could confuse the issues and lead the jury into a mini-trial on whether the witness committed the abuse. Therefore, Standlee-Campbell cannot show the court abused its discretion in excluding evidence of the founded DHS report, and her counsel was not ineffective for improperly preserving the issue for review. *See id.*

## II.    Sufficiency of the Evidence

We review Standlee-Campbell's sufficiency-of-the-evidence claim for errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). Evidence is sufficient to affirm the verdict if, "when viewed in the light most favorable to the State, it can

---

[1] Standlee-Campbell did not make an offer of proof for the excluded evidence, but during a discussion on a motion in limine her counsel stated she intended to show "Mr. Trullinger had been investigated and founded for a prior sex abuse allegation against one of Ms. Standlee-Campbell's children."

convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.*

First, she claims the evidence is insufficient to overcome her justification defense. "A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any imminent use of unlawful force." Iowa Code § 704.3. When the defendant raises a justification defense, the State must prove beyond a reasonable doubt justification does not apply. *State v. Rubino*, 602 N.W.2d 558, 565 (Iowa 1999). The State can satisfy its burden by proving any of the following:

> 1. The defendant initiated or continued the incident resulting in injury; or
> 2. The defendant did not believe he [or she] was in imminent danger of death or injury and that the use of force was not necessary to save him [or her]; or
> 3. The defendant had no reasonable grounds for such belief; or
> 4. The force used was unreasonable.

*Id.* The State presented testimony from Trullinger and the officer who responded to the altercation, and it introduced photographs of Trullinger's injuries. This evidence, as described above, is sufficient for a reasonable jury to conclude one or more of the following: Standlee-Campbell initiated or continued the altercation; she lacked a subjective or reasonably objective belief someone was in imminent danger and her use of force was not necessary; or she used unreasonable force. *See id.* While she often presented conflicting testimony, the jury is entitled to find the State's evidence more credible. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive.").

Second, Standlee-Campbell claims the evidence is insufficient to prove Trullinger suffered a bodily injury. "Bodily injury" uses its ordinary dictionary definition and "refers only to injury to the body, or to sickness or disease contracted by the injured as a result of injury." *State v. Gordon*, 560 N.W.2d 4, 6 (Iowa 1997) (quoting *State v. McKee*, 312 N.W.2d 907, 913 (Iowa 1981)). She notes he never testified he suffered any physical impairment from the altercation. However, his testimony of having scratches and red marks, as shown in the photographs, provides sufficient evidence for the jury to conclude he experienced physical injury from the assault. *See id.* ("[W]elts, bruises, or similar markings are not physical injuries per se but may be and frequently are evidence from which the existence of a physical injury can be found." (quoting *Hildreth v. Iowa Dep't of Human Servs.*, 550 N.W.2d 157, 160 (Iowa 1996))). Therefore, her conviction for domestic abuse assault causing bodily injury is supported by sufficient evidence.

**AFFIRMED.**