# IN THE COURT OF APPEALS OF IOWA

No. 18-1758
Filed April 1, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KURTIS MICHAEL GREEN,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Boone County, Stephen A. Owen,
District Associate Judge.


        Kurtis Green appeals his conviction of domestic abuse assault by
strangulation causing bodily injury and a part of the sentence imposed.
**CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**


        Martha J. Lucey, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney
General, and Kristy Brandt, Student Legal Intern, for appellee.


        Heard by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Kurtis Green appeals his conviction of domestic abuse assault by strangulation causing bodily injury and part of the sentence imposed. He argues his counsel rendered ineffective assistance in failing to adequately challenge the sufficiency of the evidence to support his conviction. He also argues his counsel was ineffective in failing to object to certain evidence as in violation of his right to confrontation.[1] Finally, he argues the court erred in ordering him to pay court costs as restitution.

## I.      Background Facts and Proceedings

Upon the evidence presented at trial, a rational jury could make the following factual findings. Shortly before 8:00 a.m. on January 16, 2018, Commander Charles Pepples and Officer Cory Rose of the Boone Police Department were dispatched to an apartment complex upon a report from a neighbor "that there was arguing, fighting, yelling and screaming" coming from Green's apartment, where he resided with his girlfriend, A.R. Pepples and Rose reported to the subject apartment; A.R. answered the door crying, upset, and distraught.[2] A.R. immediately reported that he, referring to Green, "took off." She then reported Green had "pulled [her] hair out" and "beat the shit out of" her. A.R.

---

[1] As to the ineffective-assistance claims, Green also requests we exercise plain-error review. Our supreme court has consistently declined to adopt the plain-error doctrine. *See, e.g.*, *State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016); *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999); *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997). The supreme court transferred this case to us knowing full well "[w]e are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). We decline the request.

[2] The officers' exchange with A.R. was recorded by their body cameras. Some of the footage was admitted as evidence at trial and played for the jury.

additionally reported Green had burnt her with a cigarette the prior evening. She finally reported Green "choked her out bad" and restricted her airway and breathing then "conked" her on the head. Pepples testified he observed redness around A.R.'s neck, on her right shoulder, and on her leg. Rose testified he observed redness on A.R.'s cheek, left arm, and chest, as well as a scratch on her leg. Rose took photographs of A.R.'s left upper arm, her left wrist, her left leg, and the right side of her face all of which depicted redness or scratches.

The officers ultimately located Green in another residence at the apartment complex. Green reported he left the apartment because A.R. was intoxicated and belligerent[3] but nothing had happened and he did not know why A.R. had injuries. After Green was advised he was under arrest, he reported A.R. had assaulted him. He testified at trial that he woke up on the morning in question at 7:00 a.m. or 7:30 a.m. to a hostile and drunk A.R. According to Green, A.R. then threw a cell phone and "a glass of water or something at" him. The two then argued, and Green advised he was leaving. He explained A.R.'s scratches were from a cat in the residence and the redness on A.R.'s person resulted from the apartment having no heat.

Green was charged by trial information with domestic abuse assault by strangulation causing bodily injury. The matter proceeded to a jury trial. Following the State's case-in-chief, Green moved for judgment of acquittal. The motion was denied, as was the renewal of the generic motion following presentation of the evidence for the defense. The jury found Green guilty as charged. The matter

---

[3] Both Pepples and Rose testified they did not observe any signs of A.R. being impaired.

proceeded to sentencing. In its ensuing sentencing order, the court found Green to be indigent and unable to pay court-appointed attorney fees. However, the court stated "he does have some work history and the court costs are minimal . . . and not beyond his ability to pay in a reasonable period of time under the circumstances." The court ordered the payment due immediately and delinquent if not paid in thirty days. As noted, Green appeals.

## II. Analysis

### A. Sufficiency of the Evidence

Green first challenges the sufficiency of the evidence supporting his conviction. He agrees his counsel's generic motions for judgment of acquittal were insufficient to preserve error on his challenge. *See, e.g.*, *State v. Schories*, 827 N.W.2d 659, 664 (Iowa 2013); *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996). He thus argues his counsel rendered ineffective assistance in failing to adequately challenge the sufficiency of the evidence.[4] *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules.").

To succeed on his ineffective-assistance-of-counsel claim, Green must establish "(1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State*

---

[4] A recent change in law prevents us from considering ineffective-assistance claims on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7). But this change does not apply to this case. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

*v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). When a defendant challenges counsel's effectiveness in relation to failing to preserve error on a challenge to the sufficiency of the evidence for want of an adequate motion for judgment of acquittal, the overarching question is "whether such a motion would have been meritorious." *See State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019) (quoting *State v. Henderson*, 908 N.W.2d 868, 874–75 (Iowa 2018)). "If the record does not reveal substantial evidence to support the convictions, counsel was ineffective for failing to raise the issue. If, however, the record contains sufficient evidence, counsel's failure to raise the claim was not prejudicial and the claimant's ineffective-assistance-of-counsel claim fails." *State v. Albright*, 925 N.W.2d 144, 152 (Iowa 2019). We proceed to the merits.

Challenges to the sufficiency of the evidence are reviewed for corrections of errors at law. *Id.* at 150. The court views "the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)). All evidence is considered, not just that of an inculpatory nature. *See Huser*, 894 N.W.2d at 490. "[W]e will uphold a verdict if substantial evidence supports it." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)). "Evidence is substantial if, 'when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *Ramirez*, 895 N.W.2d at 890). Evidence is not rendered insubstantial merely because it might support a different conclusion; the only question is whether the evidence supports the finding actually made. *See Brokaw*

*v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 393 (Iowa 2010). In considering a sufficiency-of-the-evidence challenge, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

The State bears the burden of proving every element of a charged offense. *State v. Armstrong*, 787 N.W.2d 472, 475 (Iowa Ct. App. 2010). Green does not challenge the jury instructions employed at trial for the charged crime. As such, the instructions serve as the law of the case for purposes of reviewing the sufficiency of the evidence. *See State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018). As to the crime of domestic abuse assault by strangulation causing bodily injury, the jury was instructed the State was required to prove, among other elements, that Green's act of strangling A.R. caused a bodily injury. *See* Iowa Code § 708.2A(5) (2018). The jury instructions defined "bodily injury" as "physical pain, illness, or any impairment of physical condition." *Accord State v. McKee*, 312 N.W.2d 907, 913 (Iowa 1981) (adopting Model Penal Code definition of bodily injury).

Green only argues the evidence was insufficient to show his act of impeding the normal breathing of A.R. caused her a bodily injury. The evidence, when viewed in the light most favorable to the State, reveals the following pertinent facts. Green "choked [A.R.] out bad," to the extent that her airway and breathing were restricted. While photographic evidence was not taken of A.R.'s neck area and the video evidence was inconclusive, specific testimony was had from Pepples that

A.R. exhibited redness around her neck. While reddening of the skin does not amount to a per se bodily injury, it can certainly serve as evidence of an impairment of physical condition. *State v. Gordon*, 560 N.W.2d 4, 6 (Iowa 1997). Furthermore, the jury could rationally infer that being strangled to the point of not being able to breathe and to an extent causing redness of the skin around the neck would result in physical pain, which is by itself sufficient to amount to a bodily injury. *See McKee*, 312 N.W.2d at 913.

Viewing the evidence in the light most favorable to the State, as we must, we conclude the jury could rationally conclude A.R. suffered a bodily injury and the evidence was therefore sufficient to support the claimed evidentiary deficiency. As such, we find counsel was not ineffective as alleged.

B.      Confrontation

Because A.R. did not testify at trial, Green argues the presentation of her statements as evidence at trial violated his constitutional right to confrontation. Because his counsel did not object to the admission of the evidence on confrontation grounds, this issue is likewise unpreserved. Thus, Green argues his counsel was ineffective in failing to object.

The right to confrontation restricts the admission of "'testimonial statements' of the sort that 'cause the declarant to be a "witness" within the meaning of the Confrontation Clause.'" *State v. Schaer*, 757 N.W.2d 630, 635 (Iowa 2008) (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)). "If a hearsay statement made by a declarant who does not appear at trial is testimonial, evidence of that statement is not admissible under the Confrontation Clause unless the declarant

is unavailable to testify at trial and the defendant had a prior opportunity for cross-examination." *Id.*

With the foregoing confrontation principles in mind, we turn to general problems concerning review of ineffective-assistance claims on direct appeal. As a result of record inadequacies, such claims are normally preserved for postconviction-relief proceedings. *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019). Doing so "allows the parties to develop an adequate record of the claims and provides the attorney charged with ineffective assistance with the 'opportunity to respond to defendant's claims.'" *State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018) (quoting *State v. Soboroff*, 798 N.W.2d 1, 8 (Iowa 2011). When an issue is not raised in the district court and a record developed thereon, it leaves appellate courts with a skeletal record, upon which the parties' arguments are often-times largely speculative. That is exactly what we have here. Considering the claim would require us to buy into Green's speculation that A.R. was available to testify and that Green did not have a prior opportunity for cross-examination. While Green argues "[t]he record does not conclusively show that [A.R.] was unavailable to testify" at trial, neither does it affirmatively show she was available. While the prosecutor may have been misguided in his belief that he could not call A.R. as a witness in fear of a *Turecek* violation[5] and she was therefore unavailable to testify,

---

[5] A.R. recanted her allegations against Green prior to trial. "The State is not entitled . . . to place a witness on the stand who is expected to give unfavorable testimony and then, in the guise of impeachment, offer evidence which is otherwise inadmissible." *State v. Turecek*, 456 N.W.2d 219, 225 (Iowa 1990); *see also State v. Veverka*, 938 N.W.2d 197, 201 (Iowa 2020). However, *Turecek* does not apply to a situation where, as here, the statements are admissible under the excited-utterance exception to the hearsay rule. *See State v. Tompkins*, 859 N.W.2d 631, 639 (Iowa 2015).

Green also appears to agree it was possible that A.R. was cross-examined at a prior hearing concerning the canceling of a no-contact order. The record is inadequate to determine whether she was or not. And, we agree with the State that it would be unfair "to allow Green to pocket his objection until his direct appeal, when the State no longer has the opportunity to remedy the deficiency by laying additional foundation." The State is also on point that:

> Without a record on the broader circumstances surrounding the trial, it is impossible to construct a counterfactual series of events that would have followed a ruling in Green's favor on this hypothetical objection—which means that, as the record currently stands, Green cannot carry his burden of establishing a reasonable probability of a different result if this claim had been raised below.

We find the record inadequate to consider the claim of a confrontation violation on direct appeal. Green may pursue the claim in a postconviction-relief proceeding, if he so chooses.

### C. Restitution

In its sentencing order, the court stated Green "does have some work history and the court costs are minimal . . . and not beyond his ability to pay in a reasonable period of time under the circumstances." The court ordered the payment due immediately and delinquent if not paid in thirty days. Green challenges the sentencing provision finding he had the reasonable ability to pay court costs as restitution absent "any information as to the amount of court costs." The State responds "the sentencing court must have known the amount of court costs to characterize them as 'minimal'" and there is no reason to believe the amount was not "before the court." We are not persuaded. "Under *Albright*, imposition of the fees must await the filing of a final restitution plan and a

determination of [Green's] ability to pay." *State v. Smeltser*, No. 18-0998, 2019 WL 2144683, at * 1 (Iowa Ct. App. May 15, 2019). That procedure was not followed here, so we vacate the challenged sentencing provision and remand the matter to the district court for completion of a restitution plan and a determination of Green's reasonable ability to pay.

## III. Conclusion

We find Green's conviction is supported by substantial evidence and counsel was therefore not ineffective in failing to properly challenge the sufficiency of the evidence. We preserve Green's claim counsel was ineffective in failing to object to certain evidence as in violation of his right to confrontation. We thus affirm Green's conviction. However, we find the district court did not follow the proper procedures for the ordering of restitution. We therefore vacate the challenged sentencing provision and remand the matter to the district court for completion of a restitution plan and a determination of Green's reasonable ability to pay.

**CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**