# IN THE COURT OF APPEALS OF IOWA

No. 19-1524
Filed July 22, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CHARLES S. CURRY,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Christopher C. Polking, Judge.

Charles Curry appeals from his conviction for willful injury resulting in serious injury. **AFFIRMED.**

Fred Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester and Kyle Hanson, Assistant Attorneys General, and Kristy Brandt, Law Student, for appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

Charles Curry appeals from his conviction for willful injury resulting in serious injury. He contends there was insufficient proof of serious injury to support his conviction. Because our review shows that there was substantial evidence to support Curry's conviction, we affirm.

## I. Background Facts and Proceedings

Charles Curry shot Jordan Schroeder. The bullet grazed Schroeder's right thigh and went "clean through" his left leg. The bullet mushroomed as it tore through the flesh. When responding police officer Seth McCrea arrived on the scene he observed Schroeder was bleeding from both legs. Exposed fat and blood was coming from the wound on Schroeder's right thigh. Schroeder's left leg was bleeding at "a rather rapid rate." Officer McCrea testified there was a lot of blood, and he was concerned Shroeder's femoral artery had been damaged and Schroeder might bleed out. Officer McCrea applied tourniquets to both of Schroeder's legs. Medical personnel transported Schroeder to Boone County Hospital. There, it was determined that Schroeder needed more advanced care than was available in Boone. Schroeder was transported to a Des Moines hospital by a Life Flight helicopter.

Schroeder received stitches in his right leg to close the two- to three-inch long, half-inch deep wound. He had to treat the wounds in his left leg with ointment and gauze to allow it to heal "from the inside." At trial he testified about the scars that remained; that as a result of being shot, his sleep was disrupted by nightmares; and that he had been isolating himself by staying indoors and avoiding people when in public.

The State charged Curry with attempted murder and willful injury resulting in serious injury. A jury found Curry guilty of assault causing serious injury and of willful injury resulting in serious injury. The court merged both offenses into the latter for sentencing. *See* Iowa Code § 701.9 (2019) ("[n]o person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted"). Curry now appeals his conviction claiming there is insufficient evidence of serious injury.

## II. Discussion

"Sufficiency of evidence claims are reviewed for correction of errors at law, and we will uphold a verdict if substantial evidence supports it." *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017). "Evidence is substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (internal quotation marks and citation omitted). We will uphold the jury's verdict unless there is a lack of substantial evidence in the record to sustain it. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury is free to reject certain evidence, and credit other evidence." *Id.*

"'Serious injury' has a technical meaning." *State v. McKee*, 312 N.W.2d 907, 912 (Iowa 1981). Iowa Code 702.18(1) states, in relevant part:

1. '*Serious injury*' means any of the following:
   a. Disabling mental illness
   b. Bodily injury which does any of the following:
      (1) Creates a substantial risk of death
      (2) Causes serious permanent disfigurement
      (3) Causes protracted loss or impairment of the function of any bodily member or organ.

The jury was instructed:

> An element of the crime charged is that the victim suffered a "serious injury." A serious injury is a disabling mental illness, condition which cripples, incapacitates, weakens or destroys a person's normal mental functions, bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement or extended loss or impairment of the function of any bodily part or organ.

*See* Iowa Criminal Jury Instruction 200.22.

Officer McCrea found Schroeder's left leg bleeding at "a rather rapid rate." Blood was "gushing down and pouring out." He was concerned Schroeder would bleed out from damage to his femoral artery. He applied tourniquets to both of Schroeder's legs to staunch the flow of blood. Agent Miller, another witness at trial, testified that a gunshot wound to any part of the body could be life threatening. Boone County Hospital personnel believed Schroeder's condition to be serious enough to warrant a Life Flight to a Des Moines hospital. A jury could have reasonably concluded from this evidence that the injury to Schroeder's left leg created "a substantial risk of death." *See State v. Hanes*, 790 N.W.2d 545, 554-55 (Iowa 2010) (explaining that the risk that a bodily injury could result in death if left untreated is commensurate with "creates a substantial risk of death"); *State v. Anderson*, 308 N.W.2d 42, 47 (Iowa 1981) ("[S]ubstantial risk of death means more than just any risk of death but does not mean that death was likely.").

Schroeder testified that at the time of trial he still carried scars from being shot—one two-to-three inches long. "Scarring may in some circumstances rise to the level of permanent disfigurement." *Hanes*, 790 N.W.2d at 554. The issue of serious permanent disfigurement is properly left to the jury's determination. *Id.*

From the evidence presented, a jury could reasonably conclude Schroeder's scarring was a serious permanent disfigurement.

After reviewing the record in the light most favorable to the verdict, we determine there was sufficient evidence from which a jury could have reasonably found beyond a reasonable doubt that Curry's actions did result in serious injury to Schroeder.  Thus, we reject Curry's claim of insufficient evidence and we affirm his conviction.

**AFFIRMED.**