**STATE of Iowa, Appellee,**

v.

**Thomas A. GORDON, Appellant.**

No. 96–612.

Supreme Court of Iowa.

Feb. 19, 1997.

Linda Del Gallo, State Appellate Defender, and Sarah E. Hennesy and David Arthur Adams, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Steve Johnson, County Attorney, and Christine Branstad, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER and LAVORATO, JJ.

LAVORATO, Justice.

A jury convicted Thomas A. Gordon of assault causing bodily injury, a serious misdemeanor. In his appeal Gordon challenges an instruction defining bodily injury to include any impairment of physical condition. The instruction goes on to say that a red mark or bruise on the skin is such an impairment and is therefore a bodily injury.

The instruction raises the following issue: Does a red mark or bruise constitute a per se impairment of physical condition? We answer that a red mark or bruise is not a per

se impairment of physical condition. We conclude the instruction was reversible error. We reverse and remand for a new trial.

We pause briefly for the facts giving rise to this case.

On the evening of October 3, 1995, Gordon was in the home of Mary Johnston in Prairie City. Several other people were present, including Jeremiah Fry. Apparently unprovoked, Gordon stood up from where he was seated, spun around, and kicked Fry in the chest. As he kicked Fry, Gordon said, "Die pale-face pumpkin head." The kick left a red mark to the right of Fry's sternum.

Two witnesses saw the incident, but neither saw whether Gordon's foot made contact with Fry's chest.

A short time later, a Prairie City police officer saw Fry, interviewed him, and saw a heel imprint on Fry's shirt. When Fry raised his shirt, the officer saw what he described as a "reddening" on Fry's chest.

The State charged Gordon with assault causing bodily injury. *See* Iowa Code §§ 708.1(1), 708.2(2) (1995). The parties tried the case to a jury.

After all of the evidence was in, the State asked the court to instruct the jury that "marks" constitute an injury for purposes of assault. Defense counsel objected and suggested a definition of bodily injury taken from the Model Penal Code and adopted in *State v. McKee*, 312 N.W.2d 907, 913 (Iowa 1981). Defense counsel argued that no case had recognized a red mark as a bodily injury. This prompted the following colloquy between the court and defense counsel:

> THE COURT: Are you going to argue to the jury that a red mark on the skin is not a bodily injury? DEFENSE COUNSEL: I may.
>
> THE COURT: All right. Then I'll tell the jury that a red mark on the skin is a bodily injury because they have a right to know that, and if there's a dispute, then I'll clear it up.

Over defense counsel's objection, the court instructed the jury as follows:

> A "bodily" injury means a bodily or physical pain, illness, or any impairment of physical condition. A red mark or bruise on the skin would constitute an impairment of physical condition, and therefore an injury.

The jury convicted Gordon of assault causing bodily injury. Later the court sentenced Gordon to one year in jail, suspended all but ninety days of the sentence, put him on supervised probation for one year, and fined him $200.

Gordon appealed, again challenging the bodily injury instruction on the grounds that a red mark is not a per se impairment of physical condition.

Our review is for errors at law. Iowa R.App.P. 4.

As applied to the facts in this case, an assault is

(1) [a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act[, or]

(2) [a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

Iowa Code § 708.1(1)–(2). The district court's marshaling instruction covered all the alternatives in section 708.1(1) and (2).

Iowa Code section 708.2 provides the penalties for assault. Pertinent to this case is Iowa Code section 708.2(2):

> A person who commits an assault, as defined in section 708.1, without the intent to inflict a serious injury upon another, and who causes *bodily injury* or disabling mental illness, is guilty of a serious misdemeanor.

(Emphasis added.)

Bodily injury is not defined, but the term is included in the definition of serious injury. *See* Iowa Code § 702.18 (serious injury means, among other things, "bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ").

In *State v. McKee*, 312 N.W.2d 907 (Iowa 1981), we decided what bodily injury meant in the context of a serious injury as defined in section 702.18. We adopted the Model Penal Code's definition of bodily injury. The Model Penal Code defines bodily injury as "physical pain, illness, or any impairment of physical condition." *McKee*, 312 N.W.2d at 913 (citing Model Penal Code commentary § 210.0(2) (1980)).

In adopting the Model Penal Code definition of bodily injury, we explained in *McKee:*

> Bodily injury ordinarily "refers only to injury to the body, or to sickness or disease contracted by the injured as a result of injury." Injury includes "an act that damages, harms, or hurts: an unjust or undeserved infliction of suffering or harm ...." Thus the ordinary dictionary definition of bodily injury coincides with the Model Penal Code definition of the term. Because the Model Penal Code definition fits the context of section 702.18, we adopt it.

*Id.* (citations omitted).

Later our court of appeals applied the Model Penal Code definition of bodily injury to the term bodily injury in section 708.2(2), the assault causing bodily injury offense. *State v. Luppes*, 358 N.W.2d 322, 325 (Iowa App.1984). Like the court of appeals, we think the Model Penal Code definition of bodily injury is an appropriate definition of the term bodily injury in section 708.2(2).

We have no quarrel, therefore, with the district court's definition of bodily injury in so far as it coincides with the Model Penal Code definition. We agree, however, with Gordon that the court went too far when it instructed the jury that "[a] red mark or bruise on the skin would constitute an impairment of physical condition, and therefore an injury."

Neither the Model Penal Code nor the Iowa Code defines impairment of physical condition. The word impairment does appear in the definition of serious injury in section 702.18 (serious injury means, among other things, bodily injury that causes "protracted loss or impairment of the function of any bodily member or organ").

In *McKee* we also defined impairment as found in the context of serious injury under section 702.18. We said:

> An impairment, according to common usage, includes any deviation from normal health. The term means: "To weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in any injurious manner."

312 N.W.2d at 913 (citations omitted).

There was no direct evidence that Fry suffered any deviation from normal health because of the blow. Nor did he testify that he had any pain or illness because of the blow. Those were fact questions peculiarly within the jury's common experience and for them to decide.

In a recent case we observed that "welts, bruises, or similar markings are not physical injuries per se but may be and frequently are evidence from which the existence of a physical injury can be found." *Hildreth v. Iowa Dep't of Human Servs.*, 550 N.W.2d 157, 160 (Iowa 1996). Although the observation was made in a different context and was not necessary to our decision, we think it fits here. The red mark or bruise on Fry's chest was not a physical impairment per se but only evidence of such impairment.

Had the district court merely given the definition of a bodily injury and stopped, the jury could have found the red mark or bruise was not a bodily injury. The court's gratuitous addition was especially prejudicial to Gordon because, as mentioned, there was no direct evidence that Fry had suffered pain or illness from the blow. The only direct evidence of injury was that Fry had suffered a "reddening" on his chest.

In effect, the district court directed a verdict in favor of the State on bodily injury, a critical element of the offense. In doing so the court invaded the province of the jury and committed error. As this court said long ago,

> [t]hat it is error to assume facts as in existence or proven which are in controversy and disputed in the record is too clear to warrant discussion. Especially is this true in a criminal case. Under our Constitution and statutes, juries are the

triers of fact, either in civil or criminal cases, and the usurpation or assumption of this duty by the court is error and must not be sanctioned.

. . . .

The only variance from this rule has occurred in cases in which both parties admit certain evidential facts to be true.

*State v. Hubbard,* 218 Iowa 239, 241–42, 250 N.W. 891, 891–92 (1933) (citations omitted); *cf.* Iowa R.Evid. 201(g) ("In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.").

Because the error here was prejudicial, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**