# IN THE COURT OF APPEALS OF IOWA

No. 16-0516
Filed November 23, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**LANDON MICHAEL RILEY,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Chickasaw County, Richard D. Stochl, Judge.


　　　　The defendant appeals from his convictions and sentences, following the entry of an *Alford* plea, to two counts of willful injury causing bodily injury. **CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED.**


　　　　Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


　　　　Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Landon Riley appeals from his convictions and sentences, following the entry of an *Alford* plea, for two counts of willful injury causing bodily injury. Riley maintains his trial counsel provided ineffective assistance by allowing him to plead guilty without a factual basis and then failing to file a motion in arrest of judgment. He also maintains the district court abused its discretion in sentencing him by relying on unproven offenses and a set sentencing policy.

**I. Ineffective Assistance.**

To prevail on a claim of ineffective assistance of counsel, Riley must prove by a preponderance of the evidence (1) his attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). That being said, "[i]t is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). "We will find counsel failed to perform an essential duty if defense counsel allows the defendant to plead guilty to a charge for which no factual basis exists and thereafter fails to file a motion in arrest of judgment challenging the plea." *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). In such a case, prejudice is inherent. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

Although we prefer to preserve ineffective-assistance claims for development of the record and to allow trial counsel to defend against the charge, *see State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006), here we find the

record is adequate to review Riley's claim. We review the claim de novo. *Brooks*, 555 N.W.2d at 448.

In determining whether a factual basis supports Riley's guilty pleas, we consider the entire record, as a whole, to see if the elements of the offenses have been satisfied. *See State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010). "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Id.* at 768. Moreover, "the record does not need to show the totality of the evidence necessary to support a guilty conviction, . . . it need only demonstrate facts that support the offense." *Id.*

Riley maintains that there is not a factual basis to support his pleas because there was an insufficient basis to find the complaining witness suffered any bodily injury. *See* Iowa Code § 708.4(2) (2015) ("Any person who does an act which is not justified and which is intended to cause serious injury to another commits willful injury . . . if the person causes bodily injury to another."). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *See State v. Gordon*, 560 N.W.2d 4, 6 (Iowa 1997) (explaining that Iowa has adopted the Model Penal Code's definition of "injury" and finding it applicable in cases of assault causing bodily injury). Additionally, "impairment" includes any deviation from normal health and means "[t]o weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in any injurious manner." *Id.* Although "welts, bruises, and similar markings are not physical injuries per se," they "may be and frequently are evidence from which the existence of a physical injury can be found." *Id.*

Here, the minutes of testimony included photographs taken of the complaining witness after Riley's arrest. Two of the photographs show a number of bruises to the witness's right, inner arm; another photograph shows a large bruise under the witness's shoulder blade—an injury she reported she received when Riley hit her with the butt of his gun; and a final photograph shows some redness to the witness's left elbow. Additionally, the witness's written statement includes reports that Riley "threw [her] on the bed" then "pulled [her] off the bed and threw [her] onto the floor." Additionally, he "choked [her] with one hand still holding the gun with his other hand." At some point, she convinced him to let her sit up, but then "he held [her] very tight, telling [her] he was left with no choice but to kill [them] both."

The record establishes a factual basis that the complaining witness suffered at least two bodily injuries. Additionally, the record supports the finding that Riley engaged in more than one assault. *See State v. Newman*, 326 N.W.2d 788, 793 (Iowa 1982) ("A defendant should not be allowed to repeatedly assault his victim and fall back on the argument his conduct constitutes but one crime."); *see also State v. Velez*, 829 N.W.2d 572, 582–84 (Iowa 2013) (using the completed-acts test and the break-in-the-action test in determining the defendant committed "at least two" acts of willful injury causing serious injury). Thus, counsel was not ineffective for allowing Riley to plead guilty.

## II. Sentencing.

Riley maintains the district court abused its discretion in sentencing him by relying on unproven offenses and a set sentencing policy. Because we find the

court considered an unproven offense and remand for resentencing, we do not consider Riley's second claim.

Police officers were called to Riley's home by the witness's daughter. After the officers made contact with Riley and the witness, Riley ran from the officers and went to the garage, where he recovered the handgun he had during the altercation with the witness. For over half an hour, Riley held the gun to his forehead, refusing to submit to police commands. He eventually dropped the weapon to the ground and was arrested.

Although Riley was initially charged with kidnapping in the second degree, he entered a plea deal with the State, in which he agreed to enter *Alford* pleas to two counts of willful injury causing bodily injury in exchange for the dismissal of the kidnapping charge. Riley was never charged with an offense involving the handgun and the police officers.

At sentencing, the district court sentenced Riley to two concurrent terms of incarceration not to exceed five years. The court stated:

> The reason for my sentence is the—primarily the circumstances of this offense. There wasn't just one victim to this crime; there were two. We had a Chickasaw County Sheriff in the house with you in a showdown involving firearms. We're fortunate that no one was hurt or killed in this incident. And this is not in today's environment a type of offense that I can grant a deferred judgment or overlook the possibility of incarceration when we're getting involved with gun play. And I look at your statement to the [presentence investigation] investigator; there's a lot of minimizing. You deny that you ever put the gun to the [witness's] head. You claim that she tried to take it from you and, based on those circumstances, I believe the only appropriate sentence under these circumstances is a prison term.

While the interaction between Riley and the officers was described in detail in the minutes of testimony, Riley never admitted to any such acts and the

State did not prove they occurred. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) ("A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offence, or (2) the defendant admits it."). "We have approved using the minutes to establish a factual basis for the change to which the defendant pleads guilty." *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982). "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *State v. Gonzales*, 582 N.W.2d 515, 516 (Iowa 1998). The State urges us to find the district court did not abuse its discretion because the report from the presentence investigation contains a narrative of the incident involving Riley and the officers. If the narrative was found in the "Defendant's Version" part of the report, such statements would be admissions and could be considered. *See id.* at 517 (finding the district court properly relied on defendant's statements in the presentence investigation report which amounted to an admission of other criminal activity because the statements were not challenged by the defendant when he was given an opportunity to do so). But here, the narrative is found in the "Official Version" and is simply a rehashing of the minutes of testimony. *Cf. United States v. Joshua*, 40 F.3d 948, 952–53 (8th Cir. 1994) (holding that the defendant's failure to dispute the "rendition of his criminal history" allowed the sentencing court to consider "prior sentences, prior similar civilly-adjudicated misconduct, and prior similar adult criminal conduct not resulting in a conviction" as admitted). The district court should not have considered Riley's standoff with the officers during sentencing.

Because "we cannot speculate about the weight the trial court mentally assigned" the unproven facts, "or whether it tipped the scales to imprisonment," we vacate Riley's sentences and remand for resentencing. *See State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981).

**CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED.**