# IN THE COURT OF APPEALS OF IOWA

No. 18-0051
Filed December 5, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSE AVALOS COVARRUBIAS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

A defendant appeals his conviction for second-degree robbery. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

A jury convicted Jose Avalos Covarrubias of robbery in the second degree. The guilty verdict followed evidence that Avalos Covarrubias tried to steal a car occupied by Deanna Sargent. On appeal, Avalos Covarrubias claims the State failed to prove he specifically intended for Sargent to sustain a bodily injury. But he misconstrues the element. To enhance robbery to second degree under Iowa Code section 711.3 (2017), the State needed to show Avalos Covarrubias had specific intent to commit an assault under section 708.1(2) and his act caused bodily injury under section 708.2(2). Because the State's proof satisfied that element of second-degree robbery, we will not disturb the verdict.

## I.    Facts and Prior Proceedings

On a July evening, Sargent was sitting in her parked car, speaking on her cell phone. While she was talking to her mother, a stranger—later identified as Avalos Covarrubias—approached her car, opened the driver's door, and started yelling. He told her to get out and give him the keys. Sargent turned off the car and pulled the keys from the ignition. In a struggle with Avalos Covarrubias over the keys, Sargent felt pain in her palm. She recalled "the key ripped the skin off my hand."

After Sargent relinquished the keys, Avalos Covarrubias tried to grab the cell phone from her hand.[1] When he was unsuccessful, he threw the car keys back

---

[1] In his testimony, Avalos Covarrubias acknowledged approaching Sargent's car but said he only wanted to ask, "May I use your phone?"

at her and ran away. Police later determined Avalos Covarrubias was the assailant.[2]

In addition to the bloody scrape on her hand, Sargent reported a painful "knot" in her palm. An x-ray at urgent care showed no broken bones, and Sargent treated her wound with antibiotic cream and ibuprofen.

The State originally charged Avalos Covarrubias with burglary in the first degree and robbery in the second degree. But the State dismissed the burglary charge and took only the robbery case to trial. The defense moved for judgment of acquittal at the conclusion of the State's evidence and again after Avalos Covarrubias testified. Defense counsel alleged "the State has not made a prima facie case that there was an intent to commit a theft or that an assault with bodily injury was committed." Counsel added:

> And the reason I emphasize that element of the assault with bodily injury is to distinguish the robbery second from a robbery third. The code doesn't give much direction, but the jury instructions that we would propose contain the element of the State requiring to show not just an assault but an assault that caused an injury . . . .

Counsel did not contend the State had to prove her client intended to cause the bodily injury. The court denied the motions, finding the State's evidence generated a jury question. The jury returned a guilty verdict on robbery in the second degree. *See* Iowa Code § 711.1, 711.3. Avalos Covarrubias appeals, challenging the sufficiency of the evidence to support the verdict.

---

[2] In the struggle, Avalos Covarrubias dropped his Social Security card and a credit card, both bearing his name. Sargent identified him through a matching photograph, which is how police officers found and charged him.

## II.    Scope and Standard of Review

We review the district court's denial of a motion for judgment of acquittal for correction of errors at law.  *State v. Serrato*, 787 N.W.2d 462, 465 (Iowa 2010).  The verdict must be supported by substantial evidence.  *Id.*  Substantial evidence means enough proof for a rational trier of fact to find the defendant guilty beyond a reasonable doubt.  *Id.*  For sufficiency challenges, we view the evidence in the light most favorable to the verdict and draw all reasonable inferences from the entire body of proof.  *State v. Schlitter*, 811 N.W.2d 380, 389 (Iowa 2016).  The inferences must be fair and rise above suspicion, speculation, or conjecture.  *Id.*

## III.    Merits

Avalos Covarrubias raises a single, narrow issue: did the prosecution prove beyond a reasonable doubt that he had the intent to commit an assault which caused bodily injury?  Revisiting the struggle over the car keys, he contends the scrape on Deanna hand "was caused unintentionally."

Several jury instructions help us evaluate the defense argument.  We start with the marshalling instruction for robbery in the second degree.  The State had to prove:

> 1. On or about the 15th day of July, 2017, the Defendant had the specific intent to commit a theft.
> 2. To carry out that intention or to assist him in escaping from the scene, with or without stolen property, the defendant committed an assault causing bodily injury to Deanna Sargent.

The court defined bodily injury for the jurors as "physical pain, illness, or any impairment of physical condition."  *See State v. McKee*, 312 N.W.2d 907, 913 (Iowa 1981).

The court also instructed the jury,

An assault is committed when a person does an act which is intended to cause pain or injury to another person; or any act which is intended to result in physical contact which will be insulting or offensive or any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting or offensive to another person, when coupled with the apparent ability to do the act.

And critical to the element challenged on appeal, the jury received the proper intent instruction.

"Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind. Because determining the defendant's specific intent requires you to decide what a person was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of his acts.

Avalos Covarrubias contends the evidence "did not establish that [he] had the requisite specific intent for assault causing bodily injury" because "there was insufficient evidence to show that [he] specifically intended for Deanna to sustain an injury." He does not challenge the State's proof of his specific intent to commit the underlying assault. Nor does he challenge the evidence of his specific intent to commit theft.

To counter the defense argument, the State points out Avalos Covarrubias cites no case law for the proposition that to commit an assault causing bodily injury a defendant must have "specific intent for both the assault and the bodily injury." The State acknowledges Iowa precedent establishes specific intent as an element of assault under section 708.1. But the State emphasizes,

Beyond that, section 708.2 only requires specific intent in one circumstance. See Iowa Code § 708.2(1) ("A person who commits an assault, as defined in section 708.1, with the intent to inflict a serious injury upon another, is guilty of an aggravated

misdemeanor." . . . ). The remaining alternatives under 708.2 do not require specific intent. *See* Iowa Code §§ 708.2(2)–(6).

We agree with the State's interpretation.

The legislature amended the robbery chapter in 2016. Since that amendment, when instructing on second-degree robbery, district courts must include the applicable alternatives of serious, aggravated, or felonious assault— under Iowa Code section 708.2, subsections 1 through 5—to distinguish the offense from third-degree robbery. *See State v. Ortiz*, 905 N.W.2d 174, 182 (Iowa 2017). Here, the court instructed on assault causing bodily injury, a serious misdemeanor under section 708.2(2), as the enhancing element. Unlike the specific intent language in section 708.2(1), section 708.2(2) includes no requirement that the person who specifically intends to commit an assault also specifically intend to cause bodily injury. These adjacent provisions show the legislature knew how to use language to add a second layer of specific intent, but did not do so for the bodily-injury alternative. *See Irving v. Emp't Appeal Bd.*, 883 N.W.2d 179, 194 (Iowa 2016) (noting importance of difference in adjacent statutory language).

Consistent with this interpretation, the Iowa Supreme Court recently set out the elements of assault causing bodily injury. *State v. Benson*, 919 N.W.2d 237, 240 (Iowa 2018). Those elements did not include an intent to commit bodily injury:

> To convict Benson of assault causing bodily injury, the State had to prove beyond a reasonable doubt that Benson committed an act "intended to cause pain or injury to, or which [was] intended to result in physical contact which [was] insulting or offensive to [Z.B.], coupled with the apparent ability to execute the act," Iowa Code § 708.1(2)(a), and the act caused "bodily injury" to Z.B., *id.* § 708.2(2).

*Id.* Rather, the supreme court viewed section 708.2(2) as requiring specific intent to commit an assault—which *caused* bodily injury. *Id.*

Our substantial-evidence analysis begins with those elements of assault causing bodily injury. On appeal, Avalos Covarrubias features Sargent's testimony that during their struggle he gripped the key fob, and her injury occurred because she grabbed the jagged keys. He insists her injury was "unintentional" because the keys caused the injury when they "were pulled from her hand." But describing the incident in passive voice does not shield Avalos Covarrubias from liability.

Based on Sargent's testimony, the jury could have reasonably found facts to prove the elements of assault causing bodily injury. This evidence could support an inference of intent "to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." *See* Iowa Code § 708.1(2)(a). Or alternatively, this evidence could support an inference Avalos Covarrubias intended to place Sargent in fear of immediate physical contact that would be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act. *See id.* § 708.1(2)(b); *see also State v. Keeton*, 710 N.W.2d 531, 534 (Iowa 2006) (upholding robbery conviction where defendant was trying to leave the store and clerk struggled to wrest the cash from his grip). As mentioned above, Avalos Covarrubias does not directly contest his intent to commit an assault.

Sargent also testified the assault caused her pain and left her with a scraped palm. From this testimony, the jury could reasonably find she suffered a bodily injury. *See State v. Gordon*, 560 N.W.2d 4, 6 (Iowa 1997). Taking the evidence in the light most favorable to the State and applying all reasonable inferences, the

verdict is supported by substantial evidence that Avalos Covarrubias committed an assault causing bodily injury.  The district court properly denied his motions for judgment of acquittal.

**AFFIRMED.**