**IN THE COURT OF APPEALS OF IOWA**

No. 22-0284
Filed March 8, 2023

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**CARMELA CANADY,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Woodbury County, Mark C. Cord,

District Associate Judge.


　　Carmela Canady appeals her conviction for assault causing bodily injury.

**AFFIRMED.**


　　Rees Conrad Douglas, Sioux City, for appellant.

　　Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.


　　Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Carmela Canady appeals her conviction for assault causing bodily injury, claiming there is insufficient evidence that she caused a bodily injury. We review her claim for correction of errors at law, viewing the evidence in the light most favorable to the State. *See State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). Because substantial evidence supports Canady's conviction, we affirm. *See id.*

We begin by summarizing the incident that led to Canady's prosecution and conviction. That incident occurred while Canady worked as a caretaker at a residential facility for adults with intellectual disabilities. During a shift in December 2018, another caretaker witnessed Canady grabbing one of the residents by his shoulder and head. Canady's fingernails dug into his forehead. Although Canady released the resident when she noticed her coworker watching, marks that resembled fingerprints remained visible on his forehead. After the coworker reported the incident, a nurse examined the resident. The nurse documented two visible injuries: a one-inch scratch on his left upper arm and a one-centimeter indent on his forehead.

In her challenge to the sufficiency of the evidence, Canady claims the scratch to the resident's arm or indentation to his head is insufficient proof of bodily injury. The jury instructions defined "bodily injury" as "pain, illness, or any impairment of physical condition." Canady is correct that visible marks, like welts and bruises, are not physical injuries. *See State v. Gordon*, 560 N.W.2d 4, 6 (Iowa 1997). But a jury can consider these marks evidence that an injury occurred. *Id.*; *see also State v. Taylor*, 689 N.W.2d 116, 136 (Iowa 2004) (clarifying *Gordon*).

The evidence that Canady caused injury goes beyond the visible marks viewed by the coworker and nurse. The coworker also testified that the resident said "ouch" when Canady grabbed him. From this, the jury could infer that Canady's actions caused pain. *See State v. Canas*, 597 N.W.2d 488, 495 (Iowa 1999) (holding that brief pain without visible injury or need for medical attention is sufficient evidence of bodily injury), *abrogated on other grounds by State v. Turner*, 630 N.W.2d 601, 606 n.2 (Iowa 2001); *see also Taylor*, 689 N.W.2d at 136 ("We think the evidence is sufficient to support a finding that the defendant's assault caused physical pain so as to meet the definition of bodily injury."). This pain, coupled with the marks on the resident's arm and forehead, supports the verdict.

**AFFIRMED.**