# IN THE COURT OF APPEALS OF IOWA

No. 24-1761
Filed October 15, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KEGAN LEE MORRIS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Page County, Jennifer Benson Bahr, Judge.

A defendant appeals his conviction for assault on persons in certain occupations causing bodily injury. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**BADDING, Judge.**

While incarcerated at the Clarinda Correctional Facility, Kegan Morris punched a correctional officer in the face. A jury found him guilty of assault on persons in certain occupations causing bodily injury. Morris appeals that conviction,[1] claiming there is insufficient evidence that he caused a bodily injury.

We review Morris's claim for the correction of errors at law. *State v. Mong*, 988 N.W.2d 305, 312 (Iowa 2023). The jury's verdict must stand if it is supported by substantial evidence. *Id.* "Evidence is substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (cleaned up). In that light, we find substantial evidence supporting the verdict.

The correctional officer testified that in February 2024, he was called to Morris's cell because Morris was being aggressive about a housing assignment. The officer entered the cell and ordered Morris to "cuff up"—meaning submit to restraints—so that he could take Morris to another area to talk. Instead, Morris turned around and struck the officer on the left jaw "with a haymaker." When asked if the punch hurt, the officer responded, "It was more shock." Later in his testimony, the officer explained that he had "an adrenaline rush" right after the punch, but he "[f]elt a little bit of pain afterwards." On redirect, the officer elaborated that once the adrenaline wore off, "there was a fair amount of pain." A nurse who examined

---

[1] Morris was also found guilty of assault on persons in certain occupations for spitting on another correctional officer, but he does not challenge that conviction on appeal.

the officer testified that she "could see a red mark on him." And her notes from the encounter stated the jaw was "flushed" and "[t]ender to [p]alpitation."

The jury was instructed that to find Morris guilty, one of the elements the State had to prove was that Morris's "act caused a bodily injury." The instructions defined "bodily injury" as "physical pain, illness or any impairment of physical condition." *See State v. McKee*, 312 N.W.2d 907, 913 (adopting that definition of bodily injury). Morris argues that "a red mark isn't per se impairment." That's true. *See State v. Gordon*, 560 N.W.2d 4, 6 (Iowa 1997) (explaining that a red mark is "not a physical impairment per se but only evidence of such impairment"). But the State's evidence was not limited to a red mark. The correctional officer also testified that he felt pain after Morris punched him. And, as the jury was instructed, an "assault causing physical pain is sufficient to meet the definition of bodily injury." *State v. Sallay*, No. 19-1538, 2020 WL 5650496, at *2 (Iowa Ct. App. Sept. 23, 2020) (citing *State v. Taylor*, 689 N.W.2d 116, 136 (Iowa 2004)).

Morris challenges the officer's testimony, arguing that the officer initially denied pain and corrected his testimony only when pressed by the prosecutor with a leading question. However, any conflicts in the officer's testimony were for the jury to resolve. *See State v. Brown*, 5 N.W.3d 611, 616 (Iowa 2024) ("It is not within the province of our court to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." (cleaned up)). Viewing the evidence in the light most favorable to the State, we find substantial evidence supported Morris's conviction.

**AFFIRMED.**